UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:13-CR-75-KKC |
|---|---|
| Plaintiff, | |
| V. | MEMORANDUM, OPINION & ORDER |
| JOSE RODRIGUEZ-FLORES, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant Jose Rodriguez-Flores's motion to dismiss the indictment. (DE 16). After considering the motion, the response, and the exhibits presented by both parties, the Court will deny Defendant's motion to dismiss the indictment (DE 16).

## I. BACKGROUND

Defendant was born in Mexico, and came to the United State when he was thirteen. (DE 16, p. 7). In 2009, he was convicted of trafficking marijuana (in two separate cases) and wanton endangerment in Fayette County, Kentucky Circuit Court. (DE 28-1, 28-2). Defendant was sentenced to two years on the first trafficking count, one year on the wanton endangerment count, and one year in the separate marijuana trafficking case (four years total). Defendant served one year in custody. He was released on parole and then taken into custody by Immigration and Customs Enforcement ("ICE") based on his illegal entry into the United States and his conviction of aggravated felony offenses. (DE 16, p. 7; DE 26, p. 2). On May 7, 2010, after an expedited administrative review proceeding, Defendant was removed at the Brownsville–Matamoros port. (DE 26, p. 2). According to the

administrative record, Defendant "did not contest his removability." (DE 28-3). Defendant reentered the United States immediately after his deportation "[b]ecause he knew he could not survive in Mexico." (DE 16, p. 7).

On June 6, 2013, Defendant was indicted on one count of violating 8 U.S.C. § 1326, illegal reentry after deportation. (DE 1). To convict a Defendant of violating 8 U.S.C. § 1326(a), the Government must prove the following three elements beyond a reasonable doubt: (1) Defendant is an alien; (2) Defendant was previously deported from the United States; and (3) Defendant was found in the United States without the consent of the Attorney General. 8 U.S.C. § 1326(a); (DE 16, p. 9).

Defendant argues in his motion that he cannot be convicted of illegal reentry, because his original deportation was not lawful. Therefore, he contends that the Government cannot prove the second element of the offense of illegal reentry.

## II. ANALYSIS

To collaterally attack an underlying deportation order under §1326, the alien must demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; *and*
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. §1326(d) (emphasis added). Defendant has not provided any facts or authority to establish these three requirements.[1] Defendant essentially asserts the same argument under all three elements of §1326. Defendant contends that he was denied due process

---

[1] Defendant requested a hearing. However, Defendant has not offered any facts that would establish these requirements. Moreover, Defendant's argument, even assuming his factual contentions are true, fails as a matter of law.

when immigration officials did not tell him that he was eligible for asylum, withholding of removal, or deferred removal. However, this argument misses the mark.

Asylum, withholding of removal, and deferred removal are forms of relief from deportation and require an alien to prove certain needs for relief to avoid deportation. Withholding of removal and deferred removal require the same proof. However, deferred removal is available to aliens who do not qualify for withholding of removal due to convictions of serious crimes. 8 C.F.R § 208.16.

As an initial matter, Defendant was removed under 8 U.S.C. § 1228, which provides for expedited removal of aliens convicted of aggravated felonies. "Section 1228(b) provides for an administrative removal program that does not involve an immigration judge, [and] does not provide for an administrative appeal . . . ." *Valdiviez-Hernandez v. Holder*, 739 F.3d 184, 190 (5th Cir. 2013). However, "a judicial order of removal . . . may be appealed by either party to the court of appeals." 8 U.S.C. § 1228.

The Court will address the § 1326 requirements to collaterally attack a prior deportation order in sequential order. .

1**. Exhaustion of Administrative Remedies**

Defendant failed to exhaust his administrative remedies. As the Court will explain, there was no due process violation. Defendant did not contest his removability. (DE 28-3). He does not indicate that he requested withholding of removal or communicated his fear of torture to any immigration official. He does not allege that he attempted to inspect the evidence against him or tried to rebut the charges. *See* 8 U.S.C. § 1228. In short, Defendant essentially admits he did not exhaust the limited administrative remedies available to him in his expedited deportation proceedings. The fact that Defendant "chose not to avail himself to this remedy does not relieve him of his § 1326(d)(1) duty to exhaust." *United*

*States v. Santiago-Ochoa*, 447 F.3d 1015, 1019 (7th Cir. 2006) ("[B]y waiving his right to contest his removal, he failed to exhaust his administrative remedies.").

Instead, Defendant argues that he was not advised of potential avenues for relief from deportation, which was a violation of his due process rights, and therefore, his failure to contest removability[2] was not knowing and voluntary. (DE 16, p. 17). In support of his position, Defendant cites several Ninth Circuit Court of Appeals cases which hold that immigration officers have a duty to inform aliens of *apparent* eligibility for deportation relief. To begin, Ninth Circuit Court of Appeals authority is not controlling in this circuit. The Sixth Circuit Court of Appeals has indicated "that no duty exists to inform an alien of other theoretical statutory bases for relief from deportation; rather, the regulation merely requires such disclosure *only where the respondent demonstrates 'his apparent eligibility for such relief.'*" *Ghaelian v. I.N.S.*, 717 F.2d 950, 953 (6th Cir. 1983) (emphasis added). Even under the authority Defendant cites, a duty to inform an alien of potential relief from deportation is triggered only "[w]here the record contains *an inference* that the Petitioner is eligible for relief from deportation." (DE 15, p. 17) (emphasis added); *United States v. Pallares-Galan*, 359 F.3d 1088, 1096 (9th Cir. 2004).

Here, Defendant has not cited any evidence or asserted any facts that could be proven at a hearing to show that Defendant made immigration officials aware of information that would make his alleged eligibility for deportation relief apparent.[3] To the extent Defendant also argues that when an immigration official inaccurately represents to

---

[2] Defendant also discusses authority that addresses waiver of the right to appeal. Waivers, however, typically refer to a waiver of administrative appeal, which is not relevant in the instant matter where Defendant proceeded through an expedited removal process. It is unclear from the record and from Defendant's own brief whether Defendant waived any right to appeal, but authority discussing involuntary waiver of the right to administrative appeal is irrelevant to this matter. Defendant did not have a right to administrative appeal.

[3] Moreover, as explained under the discussion of the third element in this Order, by being convicted of an aggravated felony, Defendant is ineligible for asylum and withholding of removal. The only relief that Defendant could have legally qualified for is deferred removal. From the evidence presented by Defendant, even that relief was implausible.

an alien that he is not entitled to any deportation relief, an alien's due process rights are violated, he cites no Sixth Circuit authority for such a claim.[4]  Further, as explained later in this Order, Defendant does not legally qualify for asylum or withholding of removal, and based on the evidence provided, he would not qualify for deferred removal.  Thus, even if officials explained to Defendant that he was not entitled to relief, such a representation would be accurate.  As already explained, immigration officials had no reason to believe that Defendant qualified for relief, because Defendant did not communicate any fear of torture to officials.

Moreover, the Federal Regulations provide that "If the alien has *requested* withholding of removal under § 208.16 of this chapter, the deciding officer shall, upon issuance of a Final Administrative Removal Order, immediately refer the alien's case to an asylum officer . . . ."  8 C.F.R. § 238.1(f)(3).  Based on this regulation, it is clear that immigration officials in expedited removal proceedings do not bear a burden of investigating whether an alien may qualify for withholding of removal.  Instead, an alien must seek relief, and only then must immigration officials refer the issue to the appropriate individuals to determine whether the alien is entitled to relief.  Defendant did not seek the administrative relief that would have been available to him by requesting that officials withhold removal.  If he had, his case would have been referred to an asylum officer for determination of whether Defendant qualified for deferred removal.

Defendant's sole argument is that he was not informed of his potential eligibility for relief from deportation.  The Court has established that there was no such duty to inform Defendant of potential relief absent any indication to immigration officials that Defendant

---

[4] Defendant's reliance on *United States v. Mendoza-Lopez*, 481 U.S. 828, 839–40 (1987) for support of his due process argument is without merit.  The Supreme Court in *Mendoza-Lopez* merely held that a defendant can collaterally attack his underlying deportation in a prosecution for illegal reentry.  *See id.*  The Supreme Court accepted the lower court's finding of a due process violation because it was not challenged on appeal.  *See id.*

may have been entitled to relief, and Defendant has cited no other reason that his failure to contest his removability was not knowing and voluntary. The administrative records indicate that Defendant "did not contest his removability." (DE 28-3). He signed a form indicating that he could not reenter the United States without the permission of the Attorney General. (DE 28-4). Defendant does not contend that he did not understand the process because he did not speak English or that information was not interpreted into Spanish. He does not contend he wanted to challenge his underlying criminal charges. There is no indication that Defendant attempted to exhaust his administrative remedies by challenging his expedited removal charges, which would have entitled him to "a reasonable opportunity to inspect the evidence and rebut the charges." *See* 8 U.S.C. § 1228(b)(4)(C). He also did not seek to have an asylum officer consider whether he qualified for withholding of removal or deferred removal. Defendant simply has not provided any evidence of exhaustion, nor has he indicated that a hearing before this Court could provide the Court with such evidence.

In sum, Defendant did not contest his removal and failed to exhaust his administrative remedies. *See Santiago-Ochoa*, 447 F.3d at 1019.

**2. Judicial Review**

Defendant has also failed to show that he was denied judicial review. Similar to his argument under the first element of § 1326(d), Defendant contends that he was not advised of potential avenues for relief from deportation, and therefore, he was deprived of a meaningful opportunity for judicial review. (DE 16, p. 18). The Court has already determined that there was no duty to advise Defendant of potential avenues of relief from deportation, and therefore, a failure to inform Defendant of such potential relief was not a violation of due process.

Furthermore, aliens convicted of aggravated felonies who are subject to expedited removal may appeal a judicial order of removal to the appropriate court of appeals. 8 U.S.C. § 1228; *see also Santiago-Ochoa*, 447 F. 3d at 1019, fn1 ("[T]he Real ID Act of 2005, Pub.L.No. 109-13, 119 Stat. 231, has amended 8 U.S.C. § 1252 to provide for exclusive review of such questions in the court of appeals."). However, there is no indication that Defendant took advantage of that appeal. There is also no evidence that Defendant filed a habeas petition, or sought any other form of judicial review. Defendant was not denied due process and was not denied judicial review.

**3. Fundamentally Unfairness**

Under the third element of § 1326(d), "to constitute fundamental unfairness . . . a defect in the removal proceedings must have been such as might have led to a denial of justice." *Huicochea-Gomez v. I.N.S.*, 237 F.3d 696, 699 (6th Cir. 2001). Defendant must show both a due process violation and that he was prejudiced by the removal proceeding. *United States v. Gonzales-Campos*, No.2:13-cr-255, 2014 WL 1091043 at *7 (S.D. Ohio March 18, 2014); *Santiago-Ochoa*, 447 F.3d at 1019. "The Court of Appeals for the Sixth Circuit has not determined the degree of prejudice required to establish fundamental unfairness under section 1326(d). The majority of circuits have required that the Defendant show *actual prejudice* to some extent in order to establish fundamental unfairness in the proceedings." *United States v. Ravelo-Rodriguez*, No. 3:11-CR-70, 2012 WL 1597396 at *5 (E.D. Tenn. March 19, 2012) (Report and Recommendation adopted in *United States v. Ravelo-Rodriguez*, No. 3:11-CR-70, 2012 WL 1597386 (E.D. Tenn. May 7, 2012)) (emphasis added).[5] Circuit courts have required a showing that but for the violation, there was a

---

[5] Defendant contends he need only show "plausible ground for relief" (DE 16, p. 15), citing Ninth Circuit authority. However, many circuits addressing the issue require something closer to "reasonable likelihood" of relief. *See. Hasanaj*, No. 04-80174, 2005 WL 1774097 at *4 (citing a number of court of appeals decisions); *see*

7

"reasonable probability" of relief, a "reasonable likelihood" of relief, or a showing that actual relief would have been granted. *See id.* (citing a number of circuit court decisions).

Defendant argues that his due process rights were violated because the immigration officials failed to advise him of his eligibility for asylum, withholding of removal, or deferred removal and was prejudiced because it was more than plausible that he would have received such relief. (DE 16, p. 12). The Court has already determined that the immigration officials were under no duty to disclose "eligibility" for asylum, withholding of removal, or deferred removal, because Defendant has not presented any evidence that the immigration officials would have been aware of such potential eligibility. Thus, Defendant has not properly asserted a due process violation.

Furthermore, the Sixth Circuit Court of Appeals has held that an illegal alien "has no constitutionally protected liberty interest in obtaining discretionary relief from deportation." *Ashki v. I.N.S.*, 233 F.3d 913, 921 (6th Cir. 2000). Asylum is a discretionary form of relief, and thus, to the extent Defendant argues the failure to advise him of such relief was a due process violation, his claim is without merit. *See Sy v. Holder*, 391 Fed. Appx. 389, 390 (6th Cir. 2010) ("[A]sylum [] is a matter of the Attorney General's discretion."). However, if an alien qualifies, withholding of removal and deferred removal are not discretionary forms of relief.

Even assuming that there was a due process violation, however, Defendant still would be unable to show prejudice. "[A] majority of courts of appeals that have addressed this issue require the defendant to show actual prejudice, beyond showing merely that the defendant might have been afforded some relief." *See United States v. Hasanaj*, No. 04-

---

*e.g.. United States v. Loaisiga*, 104 F. 3d 484, 487 (1st Cir. 1997) (requiring "likelihood that result would have been different"); *United States v. Espinoza-Farlo*, 34 F.3d 469, 471 (7th Cir. 1994) (requiring a showing of prejudice).

80174, 2005 WL 1774097 at *4 (E.D. Mich. July 26, 2005) (citing a number of court of appeals decisions). However, the Sixth Circuit has yet to address the issue. Here, because Defendant was convicted of multiple aggravated felonies,[6] he is presumed to be subject to removal and his claims for asylum and withholding of removal are barred. *See Mossaad v. Gonzales*, 244 Fed. Appx. 701, 705 (6th Cir. 2007) ("Any alien convicted of an aggravated felony is barred from seeking asylum and is also barred from applying for withholding of removal . . . ."); *see* 8 U.S.C. § 1228 ("An alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States."). Thus, because Defendant could not qualify for withholding of removal based on his status as an aggravated felon, there is no prejudice even if the Court assumed there was a due process violation. Moreover, because Defendant is an aggravated felon and therefore almost no relief is available to him, "the absence of prejudice is deducible almost as a matter of law." *Santiago-Ochoa*, 447 F. 3d at 1020 (citing *United States v. Garcia-Martinez*, 228 F.3d 956, 963 (9th Cir 2000) (holding that for an alien convicted of an aggravated felony and placed in expedited procedures under § 1228, removal is a "foregone-conclusion")). Therefore, with regard to asylum and withholding of removal, Defendant cannot even show that he may have been entitled to plausible relief.

Finally, Defendant has failed to show that but for the due process violation, there was a reasonable likelihood, or even plausibility that he would have received deferred removal. Deferred removal is a form of mandatory relief and is available to individuals who are ineligible for withholding of removal, as here where Defendant has been convicted of aggravated felonies and would not qualify for withholding of removal. 8 U.S.C. §§ 208.16,

---

[6] The Court presumes that Defendant's convictions are aggravated felonies. From the record, it appears that Defendant has never challenged that fact.

208.17. To qualify for deferred removal,[7] an alien must prove that it is more likely than not that he will be tortured if removed. 8 C.F.R. § 208.16. In support of his position, Defendant submits various articles about the dangers present in Mexico and several affidavits from Defendant's family members who continue to reside in Mexico. While the exhibits provided by Defendant may show that parts of Mexico are undesirable locations in which to reside and in some cases, are even dangerous locations, the Court finds that such evidence does not indicate that Defendant would be entitled to likely or even plausible relief under deferred removal. The facts do not demonstrate that Defendant would be tortured, as defined by the Federal Regulations, upon his removal to Mexico. Under the regulations,

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).

There is no reasonable likelihood, based on the evidence provided to this Court, that Defendant would have received deferred removal. The exhibits provided to the Court are predominately generalized articles about violence in Mexico, and the affidavits from Defendant's family members, while saddening, do not indicate that, upon return to Mexico, Defendant would be physically or mentally tortured for purposes of "obtaining . . .

---

[7] The standard for deferred removal is the same as the standard for withholding of removal, and thus, even if Defendant's conviction for aggravated felonies did not bar his eligibility for withholding of removal, such relief would still be implausible. Deferred removal is granted when withholding of removal is unavailable to an alien. 8 C.F.R. § 208.16 ("If an alien entitled to such protection is subject to mandatory denial of withholding of removal under paragraphs (d)(2) or (d)(3) of this section, the alien's removal shall be deferred under § 208.17(a).").

information or a confession, punishing him . . . or intimidating or coercing him . . . with the consent or acquiescence of a public official." *See id.* The brief submitted by Defendant provides, "At the time of His deportation Proceedings in 2010, Jose had a reasonable fear that he would be tortured or killed if he did not pay extortion money upon his return to Mexico." (DE 16, p. 6). Defendant did not submit any evidence to corroborate this assertion. Defendant did not submit his own affidavit, or provide the Court with any indication that Defendant or anyone else would testify at a hearing to describe why Defendant would be extorted upon his return to Mexico or who, with government approval or authority, would be extorting money. There is no reason provided as to why Defendant did not mention his fear of torture to immigration officials, except that the immigration officials never asked. Thus, even if there were a due process error, which there was not, Defendant has not shown a likelihood of relief or even plausible relief, and in turn, Defendant has not shown that he has been prejudiced.

### III. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** that Defendant's motion to dismiss the indictment (DE 16) is **DENIED**.

This 1st day of May, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY